ERIC GRANT
United States Attorney
NICHOLAS KARP
CALVIN LEE
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00098-JLT-SAB |
| Plaintiff, | STIPULATION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | DATE: May 20, 2026 |
| DARMANJOT SINGH, | TIME: 1:00 p.m. |
| Defendant. | COURT: Hon. Stanley A. Boone |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, the trial date of March 3, 2026, was vacated and scheduled for a status conference on May 6, 2026, following withdrawal of defendant's previous counsel.

2.      On February 26, 2026, current counsel for defendant entered his notice of appearance in this matter.

3.      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 3, 2026 to May 6, 2026, inclusive, was deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it resulted from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial

STIPULATION TO CONTINUE STATUS
CONFERENCE AND EXCLUDE TIME

1

4.    On March 20, 2026, the government received notice that the Court would be unavailable for status conference on May 6, 2026.

5.    On April 28, 2026, the government filed a joint stipulation requesting a status conference date of September 2, 2026, in accordance with counsel for defendant's belief that failure to grant the requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, given the unique challenges posed by counsel's very recent entry of appearance in the matter together with the impact of the Punjabi language barrier on both efficient client discussions and review of the evidence in this case.

6.    The government did not object to the continuance.

7.    On April 30, 2026, the Court denied the requested continuance and ordered the status conference continued to May 20, 2026.

8.    The Court's April 30, 2026, order did not exclude time for the period of May 6, 2026, to May 20, 2026, inclusive.

9.    By this stipulation, the parties now move to exclude the time period between May 6, 2026, and May 20, 2026, under 18 U.S.C. §§ (h)(7)(A), (B)(iv), for the following reasons:

a)    The government has represented that the discovery associated with this case includes, but is not limited to: investigation reports, the Defendant's recorded statement (the government confirms that the only recorded call between Defendant and a confidential informant or confidential source occurred on July 15, 2023, and has been produced to the defense), text messages, and numerous audio and visual media files. A significant portion of this discovery has involved the Punjabi language.

b)    On May 12, 2026, the government and counsel for defendant conferred as to the state of this discovery. All of this discovery has been produced to counsel.

c)    Although the parties anticipate setting the matter for trial, counsel for defendant requires additional time to prepare for trial, including additional time to review the discovery described above; review that discovery with the defendant; communicate that discovery with the assistance of a Punjabi language interpreter; and conduct an independent investigation into the facts and circumstances of the offense.

STIPULATION TO CONTINUE STATUS
CONFERENCE AND EXCLUDE TIME

d)    The additional time requested is necessary to ensure the effective assistance of counsel.  Without this continuance, counsel will be unable to complete the foregoing tasks with the diligence required under the circumstances.  Failure to grant the requested continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

e)    The government does not object.

f)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

10.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 6, 2026, to May 20, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

11.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 15, 2026 

ERIC GRANT
United States Attorney

/s/ NICHOLAS KARP
NICHOLAS KARP
Assistant United States Attorney

Dated:  May 15, 2026 

/s/ Marc Days
Marc Days
Counsel for Defendant
Darmanjot Singh

STIPULATION TO CONTINUE STATUS
CONFERENCE AND EXCLUDE TIME

3

**FINDINGS AND ORDER**

IT IS SO FOUND that counsel requires additional time to prepare for trial for the reasons set forth in the parties' Stipulation. The Court further finds that failure to grant the requested continuance would unreasonably deny the defendant continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the circumstances of newly appointed defense counsel and existing language barriers in trial preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The Court therefore finds that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).

IT IS SO ORDERED that the period from May 6, 2026, through May 20, 2026, is hereby EXCLUDED from the computation of time within which trial must commence pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated:    **May 15, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

STIPULATION TO CONTINUE STATUS
CONFERENCE AND EXCLUDE TIME

4